McRaney, et al. *v.* Covington County.

Division B. Dec. 4, 1950.

No. 37704· (49 So. (2d) 248)

**E. L.** and **W. W. Dent,** for appellants.

**Hugh McIntosh,** for appellee.

**Alexander, J.**

Covington County entered an order to alter and widen a public road which traversed the lands of appellants. The proceedings followed the course prescribed by Code 1942, Sections 8314, 8315. The order was resisted and damages allowable under Section 8316 were, by agreement, referred for adjudication to the circuit court, and an appeal to that court as well as for review of the jurisdiction of the county was allowed. Section 8319. The action of the board of supervisors was upheld, and upon voluminous testimony, an award of $150 was made by the jury.

The assignments most seriously pressed are (1) that the county had no jurisdiction or authority to act in the matter; and (2) that the instructions and evidence upon the issue of damages were improper.

The first assignment may be summarized in the contention that the road in question had been designated a secondary state highway by Chapter 368, Laws of 1946,

and had been taken over for maintenance and construction by an order of the State Highway Commission, dated December 30, 1947. This order described the road and ordered it "be and the same is hereby taken over for maintenance and upkeep by the Mississippi State Highway Department. It is further ordered and directed, however, that this order is not to be effective until the following provisions of the law have been complied with by the Board of Supervisors of Covington County:

"1. Deed or deeds to the right of way for this road must be furnished the State Highway Department, said right of way to be not less than sixty (60) feet in width, 30 feet right and left of the center line.

"2. All encroachments, such as fences, buildings, signs, etc. must be removed from said right of way, and communication and power lines that would interfere with the maintenance of the road must be set back as directed by the Engineer.

"3. The roadway, bridges, and drainage structures must be brought up to the State Highway Department's standards or better.

"Ordered, this the 30th day of December, 1947."

Section 7, Chapter 332, Laws 1948, provides: "Any secondary state highways not now under maintenance may be taken over by the state highway commission for construction, reconstruction and maintenance up to the 5000 miles limitation, in the manner hereinafter provided, and to the extent that funds remain available after meeting all requirements for the construction, reconstruction and maintenance of the primary state highways designated and taken over, but only after such secondary state highways shall have been constructed or reconstructed at local expense to such standards as may be required by the commission, such additional mileage to the extent hereinbefore limited may be added on application of the board of supervisors of any county."

 █ It is seen therefore that although this road had been incorporated in the highway system as a second-

ary state highway, and the State Highway Commission authorized to take it over, it was not required to do so until the stated conditions had been met. The contention of appellants that the procedure followed was in effect a requirement that the county exercise the right of eminent domain for the State Highway Commission is answered by the fact that there was no duty upon either to appropriate the additional width. The county was free to forego its transfer to the Commission with responsibility for its maintenance. Yet, it was enabled to shift this burden and expense by tendering to the Commission a road complying with standards which the statute authorized the Commission to require. Despite lengthy argument this is the gist of the problem.

Appellants do not argue that there would be any advantage in having the extra width taken by the Commission, or deny that it could be taken by some authority. The county, which incurs this preliminary expense, does not complain.

The instructions properly set forth the ''before and after'' rule now firmly established, and the testimony, while occasionally running afield from this test of damage, and, as is perhaps inevitable, reflecting personal reactions and prejudices, was kept within proper bounds, and the issues were submitted to the jury under proper charges.

The contention that a possibility that the future development of the road may result in special damage, by excessive ditching or unreasonable grading is not here in point. Damages in this action are referable only to the present value of the land or surface taken.

Affirmed.